UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JATINDER SINGH,

                    Petitioner,

          -against-

RAUL MALDONADO *et al.*,

                    Respondents.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-01571 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On March 17, 2026, Petitioner Jatinder Singh ("Petitioner") commenced this habeas corpus action against Respondents Raul Maldonado, in his official capacity as Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"); Judith Almodovar, in her official capacity as Acting New York Field Office Director of U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, in his official capacity as Acting Director of ICE; and Pamela Bondi, in her official capacity as Attorney General of the U.S. Department of Justice ("Respondents"). *See generally* Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Petitioner was arrested by ICE on December 20, 2025, pursuant to a warrant of arrest, and he is currently detained at MDC Brooklyn. *Id.* ¶ 19. He seeks his immediate release pursuant to 28 U.S.C. § 2241 and challenges the lawfulness of his ongoing detention under the Administrative Procedure Act ("APA") and the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), arguing that he has been detained without any procedure to contest his detention and without any valid justification. *Id.* at 1-4. Alternatively, Petitioner seeks the opportunity for a bond hearing. *Id.* at 2.

For the following reasons, Petitioner's request for release from custody is granted, and Respondents are ordered to immediately release him from custody.

## BACKGROUND[1]

Petitioner is a citizen of India. Declaration of Deportation Officer Mincheol So ¶ 10, Dkt. 7-1 ("So Decl.").[2] On May 6, 2023, he entered the United States near Lukeville, Arizona, and was encountered there by U.S. Border Patrol. *Id.* ¶ 3. On May 7, 2023, Petitioner was served with U.S. Department of Homeland Security Forms I-220A (Order of Release on Recognizance) and I-862 (Notice to Appear) and released pending proceedings in immigration court. *Id.* ¶ 4; *see* So Decl., Exhibit A at 6-7, Dkt. 7-1 ("Order of Release on Recognizance"); So Decl., Exhibit B at 9-1, Dkt. 7-1 ("Notice to Appear"). The Order of Release on Recognizance was issued "in accordance with section 236 of the Immigration and Nationality Act" ("INA"), Order of Release on Recognizance at 6, and apprised Petitioner of the conditions of his release, including prohibition of violations of local, state, or federal laws or ordinances, So Decl. ¶ 5. The Notice to Appear placed him into removal proceedings under INA § 240. *Id.* ¶ 6. It "charged Petitioner with being removable as 'an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General,' pursuant to INA § 212(a)(6)(A)(i)" and was filed with the Executive Office for Immigration Review. *Id.* Petitioner asserts that he has lived in the United States continuously since May 2023. Pet. at 2.

On July 28, 2023, Petitioner filed applications for relief in his removal proceedings. So Decl. ¶ 8. In his written pleadings, Petitioner "admitted proper service of the Notice to Appear, admitted to all of the allegations, such as he was 'not a citizen or national of the united States [sic]'; was 'a native of India and a citizen of India'; 'w[as] not admitted or paroled after inspection

---

[1] The facts of this case are undisputed unless otherwise indicated.

[2] Page number citations to the So Declaration refer to the automatically generated ECF pagination.

by an Immigration Officer'; and 'arrived at a time or place other than as designated by the Attorney General' and conceded the sole charge of removability under INA § 212(a)(6)(A)(i), 'as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than designated by the Attorney General."  So Decl. ¶ 10.

On December 2, 2025, Petitioner was arrested by the New York City Police Department ("NYPD") and charged with four crimes: Assault 2nd Degree; Assault 3rd Degree; Unlawful Imprisonment-2nd Degree; and Harassment-2nd Degree.  *Id.* ¶ 11.  "On December 3, 2025, DHS sent the Petitioner DHS form G-56 Call-in Letter, directing Petitioner to appear on December 12, 2025, at 7:00AM for a check-in at 26, Federal Plaza, NY."  *Id.* ¶ 12.  ICE concluded that, based on Petitioner's recent arrest, "he violated [the] terms and conditions of his release" and "revoked Petitioner's release on recognizance."  *Id.* ¶ 13; So Decl., Exhibit C at 13-17, Dkt. 7-1 ("Record of Deportable/Inadmissible Alien").  On December 20, 2025, ICE arrested Petitioner at a check-in at 26, Federal Plaza, New York, New York, pursuant to a Form I-200 (Warrant of Arrest).  So Decl. ¶ 14.  Petitioner was processed and transferred to several different facilities until he arrived at the MDC Brooklyn, where he is presently detained. *Id.* ¶¶ 15-19.  On March 11, 2026, the NYPD issued a certificate of disposition fully dismissing all of the criminal charges against Petitioner. *See* Letter from Petitioner to the Court at 2 (Mar. 26, 2026), Dkt. 10 ("Certificate of Disposition").

## DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

### A.  Statutory Basis for Petitioner's Detention

The Court is bound by a long line of U.S. Supreme Court precedent.  *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between

3

those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings).  Thus, the Court's position on whether § 1226 or § 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently.  *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Peralta Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v. Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026); *Jimenez Carrillo v. Noem*, 26-CV-1259 (OEM), 2026 WL 747015 (E.D.N.Y. Mar. 17, 2026).

The Court is not persuaded by the authorities provided by Respondents.  Letter from Respondents to the Court at 3 n.2 (Mar. 20, 2026), Dkt. 7 ("Opposition" or "Opp'n").  Respondents assert that the only distinguishable fact from this Court's prior decisions is that "Petitioner was not detained until after he was arrested by the NYPD and ICE determined that he had violated the terms of his Order of Release on Recognizance."  *Id.* at 2.  Respondents do not identify how this

fact impacts the application of § 1225 versus § 1226.  Therefore, this Court joins the majority of courts in finding that detention of the nature at issue here cannot be upheld under § 1225.  *See Barco Mercado v. Francis*, 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases).  Mandatory detention under § 1225 is inapplicable to Petitioner, and he is subject to discretionary detention under § 1226.  *See J.U.*, 805 F. Supp. 3d, at 490 (noting the mutual exclusivity of § 1225 and § 1226).

### B. Due Process

The Court now turns to whether ICE's detention of Petitioner violates his due process rights.  Petitioner asserts that he has been unlawfully detained since December 20, 2025, without any hearing to contest his ongoing detention, which violates the procedural due process afforded by the Fifth Amendment.  Pet. at 1-2.  The *Mathews* test governs this inquiry.  *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement).  The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment."  *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

The second prong of the *Mathews* test additionally favors Petitioner.  Respondents assert that the conditions of Petitioner's release prohibited violation of any local, state, or Federal laws or ordinances and that Petitioner was re-detained for violating a condition of his release due to his recent criminal charges.  *See* Record of Deportable/Inadmissible Alien at 14 ("After a review of all relevant information, the release on the Order of Recognizance was canceled following appropriate procedures and approved by AFOD Robinson. [Petitioner] was taken into ICE-ERO custody pending continuation of proceedings.").  "[M]ere awareness of pending criminal charges is not sufficient to constitute an individualized determination as to [Petitioner's] flight risk or danger to the community."  *Garcia Montalban v. Genalo*, 26 Civ. 1808, 2026 WL 787846, at *5 (S.D.N.Y. Mar. 20, 2026) (citing *Kelly v. Almodovar*, 25 Civ. 6448 (AT), 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025)).  Furthermore, when directed by the Court to identify any additional information as to whether an individualized determination about Petitioner's flight risk or danger to the community was made prior to his detention,[3] Respondents conceded that "no individualized custody determination was made."  *See* Letter to the Court (Mar. 26, 2026), Dkt. 9.

The third and final *Mathews* prong also favors Petitioner.  "[T]he Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community."  *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690); *cf. Sidqui v. Almodovar*, 25-CV-9349 (VSB), 2026 WL 251929, at

---

[3] "Some courts . . . have found that where the 'paucity of the record' is not conclusive as to whether an individualized determination occurred or not, the appropriate remedy is a bond hearing before an immigration judge." *Garcia Montalban v. Genalo*, 26 Civ. 1808, 2026 WL 787846, at *6 (S.D.N.Y. Mar. 20, 2026) (quoting *Quinteros Moran v. Joyce*, 25 CIV. 9645 (GBD), 2025 3632895, at *4 (S.D.N.Y. Dec. 15, 2025)).  But when the court provides the Government an opportunity to supplement the record with evidence of an individualized determination, immediate release is an appropriate remedy. *See id.*

\*15 (S.D.N.Y. Jan. 30, 2026) ("[T]he Government has little interest in detaining a noncitizen who was previously determined to be neither a flight risk nor dangerous . . . without an individualized determination of risk of flight and dangerousness.").  Here, the record does not reflect that Petitioner is a flight risk; he has resided in the United States continuously since 2023.  Pet. at 2.  Additionally, nothing in the record suggests that he is a danger to the community; the NYPD dismissed all charges against him.  *See* Certificate of Disposition at 2.  Thus, Respondents have failed to show a significant interest in Petitioner's continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights.  *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at \*15.  Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, the Court determines that a writ of habeas corpus is the most appropriate remedy.  *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at \*15.[4]

## CONCLUSION

For the foregoing reasons, Petitioner's request for immediate release from custody is granted.  Respondents are ordered to immediately release Petitioner from custody.  By March 27,

---

[4] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims. *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining APA and Immigration and Nationality Act claims after determining that the petitioner's detention violated due process).

2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

March 27, 2026
Brooklyn, New York

8